IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MARY E. ROMIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 3:22-cv-1101 |
| | ) |
| MW CUSTOM PAPERS, LLC, as | ) |
| Successor-in-Interest to The Mead | ) |
| Corporation, | ) |
| | ) |
| HONEYWELL INTERNATIONAL, INC., | ) |
| Individually and as successor to | ) |
| AlliedSignal, Inc. and The Bendix | ) |
| Corporation; | ) |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY; | ) |
| | ) |
| MORSE TEC LLC, f/k/a BorgWarner Morse | ) |
| TEC LLC, and successor-by-merger to | ) |
| BorgWarner Corporation | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant MW Custom Papers, LLC, as Successor in Interest to the Mead Corporation ("Mead"), hereby removes this action from the Circuit Court of Madison County, Illinois to the United States District Court for the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Mead states as follows in support:

**Overview of Diversity Jurisdiction Removal Grounds**

This case was originally filed on April 11, 2022 against four (4) defendants. On April 20, 2022, Plaintiff filed her First Amended Complaint naming the same four (4) defendants. Mead was first served a summons in this matter as well as Plaintiff's First Amended Complaint on April 25,

2022. This matter involves opposing parties from different states with an amount in controversy in excess of $75,000, exclusive of interests and costs. Removal is timely and all procedural requirements for removal have been satisfied. Accordingly, this matter is properly removed from the Circuit Court of Madison County, Illinois to the United States District Court for the Southern District of Illinois, East St. Louis Division pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

### FACTS AND PROCEDURAL HISTORY

1. This case was filed on April 11, 2022 in the Circuit Court of Madison County, IL. *See* Plaintiff's Complaint, attached hereto as Exhibit A. The Complaint alleges that Mary Romig ("Plaintiff") developed mesothelioma as a result of exposure to asbestos. *Id*. Plaintiff filed her First Amended Complaint on April 20, 2022. *See* Plaintiff's First Amended Complaint, attached hereto as Exhibit B.

2. The First Amended Complaint names four (4) defendants, including Mead, and pleads seven (7) counts, each count seeking in excess of $50,000 in compensatory damages. *See generally* Ex. B.

3. Plaintiff filed an Emergency Motion to Accelerate Participation of Defendants in the Deposition of Plaintiff Mary E. Romig on April 20, 2022. *See* Emergency Motion to Accelerate Participation of Defendants in the Deposition of Plaintiff, attached hereto as Exhibit C. The Motion requested Defendants be ordered to appear for the deposition starting on Monday, May 16, 2022. *Id*.

4. Mead was served in this matter on April 25, 2022.  Ex. B, p. 1

5. On May 4, 2022, Judge Stephen Stobbs entered an Order granting Plaintiff's Motion to Accelerate Participation of Defendants in the Deposition of Plaintiff Mary E. Romig. *See* May 4, 2022 Order, attached hereto as Exhibit D.

6. In response to Judge Stobbs' May 4, 2022 Order, the undersigned Counsel for Mead entered their appearance on May 11, 2022. *See* Entry of Appearance, attached hereto as Exhibit E. The undersigned appeared on behalf of Mead for the discovery deposition of Plaintiff Mary E. Romig on May 16, 2022, May 17, 2022, May 18, 2022, May 24, 2022 and May 25, 2022 respectively.

7. Mead filed its Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction to preserve its defense on May 17, 2022. The filing of motions to dismiss or other preliminary actions in state court does not constitute a waiver of the right to remove. *Perez v. Air & Liquid Sys. Corp.*, 223 F. Supp. 3d 756, 758 (S.D. Ill. 2016); citing *Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989). *See also Act II Jewelry, LLC v. Wooten*, No. 15 C 6950, 2015 WL 7889039, at *3 (N.D. Ill. Dec. 4, 2015) (defendants' participation in discovery and filing a motion to dismiss was insufficient to constitute waiver); *Cahill v. Ivex Novacel, Inc*. No. 04 C 2566, 2004 W: 2064305, at *3 (N.D. Ill. Sept. 1, 2004) (defendants' motion for temporary restraining order insufficient to warrant a finding of waiver); *Dorazio v. UAL Corp.*, No. 02 C 3689, 2002 WL 312469290, at *4 (N.D. Ill. Oct. 2, 2002) (defendant did not waive right to remove by filing a motion to dismiss before filing notice of removal).

**Grounds for Removal**

8. This case is properly removed to the United States District Court for the Southern District of Illinois, East St. Louis Division, based on a diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has jurisdiction because the procedural requirements for

removal have been satisfied, the action involves complete diversity of citizenship, and the amount in controversy exceeds $75,000.

**A.  Mead has satisfied the procedural requirements for removal.**

9. This Court is the proper forum for this case as this Court's district and division encompass the location at which the state court case is pending. See 28 U.S.C. §§ 93(a)(1) and 1446(a).

10. This Notice of Removal has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and a copy of all process, pleadings, and orders sufficient to show the basis for the jurisdiction are attached hereto as Ex. A-M; *see* 28 U.S.C. § 1446(A); *see also Porch-Clark v. Engelhart,* 930 F. Supp. 2d 928, 933-34 (N.D. Ill. 2013) (holding that in multi-defendant actions, a copy of all processes, pleadings, and orders served upon defendants is not required "as long as sufficient documents are attached to show the basis for jurisdiction.").

11. This Notice of Removal was filed within thirty (30) days of service upon Mead in this matter. *See* 28 U.S.C. § 1446(b)(2(A); Ex. B, p. 1. Each of the defendants have consented to removal of this action. *See* Confirmation of Consent from Counsel for Morse Tec/BorgWarner, attached hereto as Exhibit G; *see also* Confirmation of Consent from Honeywell/Bendix, attached hereto as Exhibit H; and *see* Confirmation of Consent from Counsel for Metropolitan Life Insurance Co, attached hereto as Exhibit I.

12. Less than one year has passed since this case was filed on April 11, 2022. *See* 28 U.S.C. § 1446(c)(1); Ex. A.

13. The amount in controversy exceeds $75,000, as detailed further below. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2)(A)(ii).

14. A copy of this Notice of Removal is being served on all parties of record in this matter and is being filed with the Clerk of the Circuit Court of Madison County, Illinois. *See* 28 U.S.C. § 1446(d).

**B.    There is complete diversity of citizenship among the parties.**

15. Plaintiff is a citizen of Ohio. Ex. A ¶1; Ex. B ¶1; *see also* Plaintiff's Answers to Defendant's Master Interrogatories, p. 2, attached hereto as Exhibit F. From the onset of this case, complete diversity has existed between the parties.

16. The defendants in this case are not citizens of Ohio. *See* 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business.").

17. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Mead's sole member is WestRock MWV, LLC. The sole member of WestRock MWV, LLC is WestRock Company, which is a Delaware corporation with principal place of business in Georgia. Mead is thus a citizen of Delaware and Georgia for the purposes of diversity jurisdiction.

18. Of the remaining defendants, Metropolitan Life Insurance Company ("Met-Life") is a citizen of New York as it is a New York Corporation with its principal place of business in New York. *See* Met-Life's Motion to Dismiss, p. 6 ¶14, filed in *Nathe v. Crane Co*., No, 22-LA-285, Mad. Cty. Ill. Cir. Ct . (2022), attached hereto as Exhibit J. Honeywell International, Inc. ("Honeywell") is Delaware Corporation with its principal place of business in North Carolina. *See* Honeywell's Motion to Dismiss for Lack of Personal Jurisdiction, p. 1, filed in *Winn v. 3M Co*., et al., No. 21-L-10973, Cook Cty. Ill. Cir. Ct. (2022), attached hereto as Exhibit K; *See also* Delaware Secretary of State Corporate Status Information for Honeywell, attached hereto as Exhibit L.

Morse Tec LLC, f/k/a BorgWarner Morse TEC LLC ("BorgWarner") is a citizen of Delaware and Michigan because the citizenship of its sole member is Delaware and Michigan. *See* BorgWarner's Motion to Dismiss for Lack of Personal Jurisdiction, p. 8, filed in *McCoy v. BorgWarner Morse Tec, Inc., et al.*, No. 20-L-0136, Mad. Cty. Ill. Cir. Ct. (2022), attached hereto as Exhibit M.

**C.  The amount in controversy exceeds $75,000.**

19. It is apparent from the face of the Complaint that the amount in controversy in this case substantially exceeds $75,000, exclusive of interests and costs. *Back Doctors Ltd. V. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("Unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.")

20. Plaintiff's First Amended Complaint seeks compensatory damages in excess of $50,000 on each of the seven (7) counts. This is merely the standard, minimal jurisdictional amount required to be pled in state court in Illinois. *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (finding plaintiff was seeking damages in excess of $75,000 from the "litany of injuries" she claimed to have sustained even though the complaint only alleged that plaintiff's damages exceeded $50,000).

21. The First Amended Complaint alleges that exposures to the defendants' asbestos containing products caused Plaintiff Mary E. Romig's injury in the form of mesothelioma. *See generally* Ex. B. Mesothelioma is considered a terminal cancer. *Shipley v. Hoke*, 22 N.E.3d 469, 472 (Ill. Cir. Ct. 2014).

22. Additionally, Plaintiff alleges general and special damages including past and future "physical pain and mental anguish," past and future disfigurement, past and future physical impairment, and past and future medical expenses. *See generally* Ex. B.

23. Historically, jury awards in cases including the alleged injury of malignant mesothelioma have significantly exceeded the $75,000 threshold. Madison County, IL juries have awarded plaintiffs $50 million and $34.1 million in cases involving a diagnosis of malignant mesothelioma. *Whittington v. U.S. Steel,* JVR No. 427166, 2003 WL 23579278 (Ill. Cir. Ct., Mar. 2003); *Hutcheson v. Shell Oil Co.*, JVR No. 375866, 2000 WL 1204236 (Ill. Cir. Ct., May 2000). A Cook County, Illinois jury awarded a mesothelioma plaintiff $23 million in November 2021. *Cowger v. Qualitex Co.*, JVR No. 211230023, 2021 WL 5882587 (Ill. Cir. Ct. Nov. 2011). In addition, juries in St. Louis, Missouri awarded mesothelioma plaintiffs $8.43 million in August 2019 and $8.6 million in April 2022. *Bennett v. Ford Motor Co.*, JVR No. 1909270044, 2019 WL 4786080 (Mo. Cir. Ct. Aug. 2019); *Trokey et al. v. AW Chesterton, et al, 2022-CC10164*, 22 Judicial Circuit, St. Louis Missouri (April 13, 2022).

24. Plaintiff's claims demonstrate by their very nature that the amount in controversy exceeds $75,000. *Walton*, 643 F.3d at 998 (7th Cir. 2011).

25. In addition, based on the allegations contained in Plaintiff's First Amended Complaint, including the alleged injury of malignant mesothelioma, jury awards in personal injury actions of a similar nature, including asbestos matters, in Madison County, Illinois and in federal court, it is abundantly clear that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Given the serious nature of the alleged injuries and the broad scope of damages requested, the First Amended Complaint plainly satisfies the jurisdictional amount requirement. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (stating that "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence").

**Conclusion**

26.     This action is properly removed to the United States District Court for the Southern District of Illinois, East St. Louis Division, based on diversity of citizenship pursuant to U.S.C. §§ 1332, 1441, and 1446. This Court has jurisdiction because the procedural requirements for removal are satisfied, the action involved complete diversity of citizenship, and the amount in controversy exceeds $75,000.

27.     If any question should arise regarding the propriety of the removal of this action, Mead respectfully requests the opportunity to further brief the issue and present an oral argument in support of removal.

WHEREFORE, Defendant MW Custom Papers, LLC, as Successor in Interest to the MEAD Corporation, respectfully removes this action from the Circuit Court of Madison County, Illinois, to the United States District Court for the Northern District of Illinois, East St. Louis Division.

TUCKER ELLIS LLP

By: */s/ Brian J. Huelsmann*
BRIAN J. HUELSMANN #06277690
MAXWELL D. HUBER #06315427
Brian.Huelsmann@tuckerellis.com
Max.Huber@tuckerellis.com
Attorneys for Defendant
100 South 4th Street, Suite 600
St. Louis, MO 63102
Phone:  (314) 256-2550
Fax:     (314) 256-2549