IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY E. ROMIG, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 22-cv-1101-SMY ) |
| MW CUSTOM PAPERS, LLC, as Successor-in-Interest to THE MEAD CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Honeywell International Inc., f/k/a Allied Signal Inc. as successor-in-interest to The Bendix Corporation ("Honeywell") (Doc. 12). Plaintiff did not respond to the motion.[1]

Honeywell argues that this Court lacks personal jurisdiction over it in this case. A district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Thus, a district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting

---

[1] The Court construes Plaintiff's failure to file a timely response as an admission of the merits of the motion. *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results.").

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). Personal jurisdiction may be either specific or general. *Daimler AG*, 134 S. Ct. at 701-03.

Specific jurisdiction exists when an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). General jurisdiction exists over foreign corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851. The place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction." *Daimler AG*, 134 S. Ct. at 760 (quoting Brilmayer *et al*, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

Here, Plaintiff is a resident of Ohio. Her Complaint alleges that she was exposed to asbestos from automotive repair work performed by her father from 1946 to 1965 while she resided in the family home located in Ohio. Plaintiff also alleges that she was exposed to asbestos from her work as an assembly worker at a Borg-Warner facility located in Bellwood, Illinois from 1965 to 1973 and from her husband's work at Borg-Warner from 1966 to 1973. The Complaint is devoid of any allegation that Plaintiff's alleged injuries arose out of or relate to Honeywell's contacts with Illinois; there are no specific allegations that Plaintiff worked with or around any products or equipment attributable to Honeywell while she worked at the Borg-Warner facility or at any time while she resided in Illinois. As such, this Court lacks specific personal jurisdiction over Plaintiff's claims against Honeywell.

With respect to general jurisdiction, Honeywell is neither incorporated in Illinois nor maintains its principal place of business in Illinois – it is a Delaware corporation with its principal place of business in North Carolina. Moreover, Honeywell's affiliations with Illinois are not "so continuous and systematic" as to render it at home in Illinois.

Accordingly, Defendant Honeywell's motion to dismiss is **GRANTED**. As no Counts remain pending against this Defendant, the Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:** July 21, 2022

**STACI M. YANDLE**
**United States District Judge**